IN THE SUPREME COURT OF THE STATE OF DELAWARE

NIGEL D. CORREA, § 
§ No. 168, 2025
Defendant Below, § 
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. § 
§ Cr. ID No. K2311006617
STATE OF DELAWARE, § 
§ 
Appellee. § 

Submitted: September 29, 2025
Decided: November 13, 2025

Before **SEITZ**, Chief Justice; **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Nigel D. Correa, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Correa's opening brief that his appeal is without merit. We agree and affirm.

(2) In May 2024, a grand jury charged Correa with multiple driving offenses, including driving under the influence ("DUI"). In August 2024, Correa pleaded guilty to third-offense DUI in exchange for dismissal of the other charges.

The Superior Court imposed the recommended sentence of two years of Level V incarceration, suspended after ninety days under 21 *Del. C.* § 4177(d)(3) and (d)(9) for one year of Level III probation. Corea had to maintain a period of not less than ninety days sobriety by an alcohol monitoring device as part of an alcohol abstinence program, complete a drug and alcohol treatment program, and perform periodic breath or urine analysis tests.

(3) On March 5, 2025, an administrative warrant was filed for Correa's VOP. The warrant alleged that Correa violated his probation by reporting six hours late for an appointment with his probation officer on March 4th and by missing or failing to complete breath tests at the required times. After a hearing on March 24th, the Superior Court found that Correa had violated his probation. The court sentenced Correa to one year and nine months of Level V incarceration, suspended after nine months in the Level V Reflections Program for one year of Level III probation. This appeal followed.

(4) As he did below, Correa argues in his opening brief that he was mostly compliant with the terms of his probation and that his violations were technical. He blames his probation officer for his late appearance on March 4th, stating that the appointment was originally scheduled for 3:15 p.m. when he had transportation but his probation officer rescheduled the appointment for 9:00 a.m. without providing him enough advance notice to arrange new transportation. Correa relies on recently

2

enacted amendments to the probation provisions of Title 11 to argue that his technical violations should be excused.

(5)     These arguments are unavailing.  Unlike in a criminal trial, the State "need prove by only by a preponderance of the evidence that a violation of probation occurred," which is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[1]

(6)     At the VOP hearing, Correa's counsel admitted the violations while offering Correa's explanation for why he missed the March 4th appointment and emphasizing his general compliance with the required treatment program.  Correa's counsel did not address the breath tests he missed or failed to comply with.  And contrary to Corea's claim that he did not receive sufficient notice of the change in March 4th appointment time, his probation officer stated that she advised him of the change on February 26th and Correa did not mention any transportation issues or tell her that he could not make the rescheduled appointment.  As the trier of fact, the Superior Court was responsible for determining witness credibility and resolving any conflicts in the testimony.[2]  In light of his admissions and the record, Correa has not demonstrated that the Superior Court lacked sufficient evidence to find that he

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (internal quotations omitted).
[2] *Greathouse v. State*, 797 A.2d 1206, 2002 WL 1012673, at *2 (Del. May 10, 2002) (TABLE) (citing *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980)).

violated his probation. As to Curtis's reliance on recent amendments to the probation provisions of Title 11, those amendments are not effective until December 28, 2025 and do not apply here.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice